UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRONTIER INSURANCE COMPANY IN REHABILITATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:08-cv-00531-SEB-DML ) |
| J. ROE HITCHCOCK, TERRY G. WHITESELL, and TIMOTHY S. DURHAM, | ) ) ) ) |
| Defendants. | ) ) |

## Order on Motion to Intervene

Curtis Spencer has moved to intervene in this case under Federal Rule of Civil Procedure 24 as well as under several other procedural vehicles. (Dkt. 60)  Mr. Spencer also moved to intervene in an earlier incarnation of this case, *Frontier v. CT Acquisition Corp. et al*, 1:04-cv-1788-JDT-TAB ("2004 Case").  In the 2004 Case, then District Judge Tinder analyzed whether Mr. Spencer was entitled to intervene as of right as provided by Rule 24(a)(2), or permissively under Rule 24(b)(2), and he denied intervention.  Entry on Motion to Intervene (Docket No. 26), dated October 18, 2005.[1]

This court adopts Judge Tinder's careful and thorough analysis of the issue.  The only question, therefore, is whether any fact pertinent to that analysis has changed since Judge Tinder's order.  Mr. Spencer points to two facts:  First, he has now obtained a money judgment against the plaintiff in this action, Frontier Insurance Company ("Frontier").  Second, Frontier has asserted in its summary judgment papers in this case that funds posted as collateral to secure

---

[1] That order fully sets forth the background facts of the 2004 Case and of this case.  That background will not be repeated here.

its indemnification obligations are segregated from the general funds of Frontier and cannot be used to satisfy its general creditors. Thus, according to Mr. Spencer, permitting him to intervene in this case (so that he can obtain any funds Frontier recovers from the defendants) does not prejudice other creditors of Frontier. Neither of these facts alters the conclusion this court reached in the 2004 Case.

At bottom, Mr. Spencer is a creditor of Frontier, and his interest is in obtaining any funds Frontier recovers in this case from the defendants. He therefore has a practical interest in the outcome or proceeds of this litigation, but he has no legal interest in its subject matter – the General Agreement of Indemnity between Frontier and the defendants. *See Reich v. ABC/York – Estes Corp.*, 64 F.3d 316, 322-23 (7th Cir. 1995). And while Frontier's segregation of collateral for its indemnity obligations from its general funds may increase the likelihood that Mr. Spencer will collect his judgment if Frontier recovers in this case, it does not create the requisite legal interest in the subject matter of this case. This court sees no reason why, if and when Frontier recovers the funds it seeks in this case, those funds would not be subject to a properly made claim in the New York rehabilitation. That is, in fact, precisely what the Fourth Circuit Court of Appeals directed Mr. Spencer to do in its order affirming his judgment against Frontier. *See Spencer v. Frontier Insurance Co.*, 290 Fed. Appx. 571, 2008 U.S. App. LEXIS 18572 (4th Cir. Aug. 26, 2008).

Mr. Spencer points out that one of the forms of relief Frontier seeks against the defendants in this case is an order requiring them to place funds on deposit with the court. *See* Complaint ¶ 21. Permitting intervention at this stage, Mr. Spencer urges, would allow him to proceed directly against those funds. Nothing in this denial of intervention is intended to foreclose that possibility. In that circumstance, Mr. Spencer's lengthy arguments that the stay

order issued in Frontier's New York rehabilitation proceeding is not entitled to full faith and credit would be pertinent and given consideration. Those arguments are not pertinent, however, to Mr. Spencer's asserted right to intervene in the liability phase of this case.

Mr. Spencer has briefly raised other bases for his requested involvement in this action. In addition to Rule 24 intervention, Mr. Spencer has asserted that the court should permit his complaint as part of its interpleader jurisdiction under 28 U.S.C. § 1335. But the threshold requirement for interpleader is not present because Mr. Spencer does not possess an amount of money as to which Frontier and the defendants have asserted adverse claims. Neither Frontier nor the defendants have asserted a legal right to his judgment. Mr. Spencer also asks to be joined as provided by Fed.R.Civ.P. 18(a) for the purpose of determining whether New York's rehabilitation order is entitled to full faith and credit. That issue was squarely implicated in Mr. Spencer's claim against Frontier in South Carolina, but, as explained above, it has nothing to do with the liability issues presented in this litigation. Finally, Mr. Spencer's request for declaratory relief under Fed.R.Civ.P. 57 is no different from his request for intervention: it is based on nothing more than his status as a creditor of Frontier.

For all of these reasons, the motion to intervene (Dkt. 60) is DENIED. The motion for oral argument (Dkt. 63) is also DENIED. The motion for attorney David C. Holler to appear pro hac vice for Mr. Spencer (Dkt. 59) is DENIED, and the Clerk is ordered to refund his filing fee.

So ORDERED.

Date: 01/26/2010

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sara R. Bradbury
LEWIS & KAPPES
sbradbury@lewis-kappes.com

Neil E. Lucas
nelattorney@msn.com

Nicholas E. Plopper
STEPHEN PLOPPER & ASSOCIATES
nick@sploplaw.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

Thomas E. Roma Jr.
PARKER & O'CONNELL
troma@parkeroconnell.com

James C. Wade
PARKER & CONNELL PLLC
jwade@parkeroconnell.com

James E. Zoccola
LEWIS & KAPPES
jzoccola@lewis-kappes.com